# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 20-1233V**

| | |
|---|---|
| CARL J. DIETZ,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: October 6, 2026 |

*Robert J. Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioner.

*Mary E. Holmes*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On September 18, 2020, Carl J. Dietz filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that his receipt of an influenza vaccine on September 22, 2017, caused him to suffer Guillain Barré syndrome—a Table claim. Petition (ECF No. 1) at 1. The parties successfully settled the case, and I issued a decision awarding compensation thereafter. *See* Decision, dated Feb. 24, 2026 (ECF No. 117).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated July 9, 2026 (ECF No. 122) ("Mot."). This is Petitioner's sole such requests. Petitioner

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

requests a total of $239,482.73[3] (reflecting $196,624.27 in attorney's fees, plus $42,858.46 in costs) for the work performed by the attorneys and paralegals and the Law Office of Robert J. Krakow. Mot. at 39. Respondent reacted to fees request on August 18, 2026. *See* Response, dated Aug. 18, 2026 (ECF No. 124) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees and costs award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 5. Petitioner filed a reply, maintaining his position and requesting that he be awarded the requested fees and costs as indicated. Reply, dated Aug. 20, 2026 (ECF No. 125).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$239,482.73**.

## I. Calculation of Fees

Because Petitioner's claim was successful, he is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

[3] In reviewing Petitioner's fees motion, Chambers noted a minor mathematical error. The total sum for requested attorneys' fees (based on the supporting documentation) should come out to $196,624.27. Instead, the current amount is listed as $196,634.27.

| Attorney | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|---|---|---|---|---|
| **Robert Krakow** | $435 | $450 | $464 | $484 | $509 | $525 | $553 | $584 | $584 | $677 |
| **Elan Gerstmann** | -- | -- | -- | -- | -- | -- | $520 | $545 | -- | -- |
| **Paralegal** | $140 | $150 | $156 | $163 | $172 | $177 | $186 | $197 | $212 | $229 |

ECF No. 122-2 at 1–241.

Messrs. Krakow and Gerstmann practice in New York, NY—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch*. *Kong v. Sec'y of Health & Hum. Servs.*, No. 14-145V, 2017 WL 2927304, at *1 (Fed. Cl. Spec. Mstr. June 6, 2017). The rates requested for Mr. Krakow, Mr. Gerstmann, and paralegals are also consistent with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee schedule.[4] *See Leming A.L. v. Sec'y of Health & Hum. Servs.*, No. 18-0232V, 2026 WL 1999246, at *2 (Fed. Cl. Spec. Mstr. June 8, 2026); *Hoy v. Sec'y of Health & Hum. Servs.*, No. 23-598V, 2026 WL 2123850 (Fed. Cl. Spec. Mstr. June 17, 2026). I thus find no cause to reduce them in this instance.

The total amount of fees requested is somewhat concerning, since it is nearly double the amount Petitioner received in damages. *See* Judgment, dated Feb. 26, 2026 (ECF No. 119). But the case was litigated before the parties opted to resolve it, with expert reports obtained. And I otherwise deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $42,858.46 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of a single expert—Nizar

[4] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited Oct. 6, 2026).

Souayah, M.D. Mot. at 122; ECF No. 122-2 at 234–38. Dr. Souayah prepared one written report and submitted an invoice reflecting a total amount of $32,880.00 (54.8 hours of work billed at $600.00 per hour). ECF No. 122-5 at 1–2. The total amount charged was largely reasonable for the work performed, and I do not find any reason to make reductions. The other litigation-related costs are typical in Program cases, and are reasonably awarded herein.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees and costs award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety. Petitioner is awarded a total amount of **$239,482.73**, reflecting $196,624.27 in attorney's fees, plus $42,858.46 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.